Morning is number 20-12660, Michael Gulisano v. Burlington, Incorporated. We're ready. Morning. Morning. Morning, may it please the court. My name is Michael Gulisano, and I am here today representing myself as the appellant in this appeal. I understand oral argument is a privilege, so I thank the court for this opportunity. I respectfully ask this court to reverse the district court's order granting Rule 11 sanctions for four reasons. The first, the district court abused its discretion in granting sanctions because those sanctions were not based on the only filing attacked by the motion for sanctions as violating Rule 11. Even if the court had imposed sanctions based on that motion, it was not objectively frivolous, and the appellant was not aware if it was. Second, the district court abused its discretion by granting sanctions for alleged improper conduct throughout the litigation, which was unrelated to the only filing attacked by the motion for sanctions. Third, the district court abused its discretion granting sanctions, where that decision was based on grounds outside the specific issues presented by the motion, the motion for sanctions. And fourth, district court abused its discretion by granting sanctions, where the motion for sanctions did not comply with the intent of Rule 11 safe harbor provision. On that last point, Mr. Gulisano, I mean, whatever the effect of the filings and the writ of execution and all of that, that had run its course by the time the motion was filed. So how does the safe harbor provision play into a situation like that? At that point, what can someone who is alleged to have violated Rule 11 withdraw at that point in time? Everything has run its course. How does the safe harbor provision play into that sort of scenario? Yes, Judge Jordan, you're correct, and I agree. It turns into more of an issue of, I wasn't given notice, basically, of the grounds for which I was ultimately sanctioned for. Or in the instance like you mentioned, some of these things had run its course. The writ of execution from the district in New Jersey had already been quashed. That was judicially rejected. I'd never acted on the motion for writ of execution from the southern district. That wasn't an issue, and that had been issued months earlier. So the issue with the safe harbor provision, again, just relates more to the whole due process nature of this issue. That they had a motion for sanctions that articulated X, Y, and Z. But then the order sanctioning me focused on several things that weren't even wrought up in their motion. So you think that the Rule 11 sanctions motion was based on what? I think it's undeniable. In their own words, they say it was based basically on two points. The first being the process server's return of service, which they claimed was false. And two, my legal position in my motion to amend the judgment, that that service had been acquired over Burlington Stores, Inc. And that argument, as laid out in the motion to amend, was not out of nowhere. It was based on the fact that, and let me back up. There was a misnomer in the complaint, the appellee was identified- Let me just stop you if I can for a moment. I'm a little bit confused here. So I understand your argument when you cut through all of it. It is that the district court based the sanctions on conduct in the case, leading up to the motion to amend, but not based on the amendation itself, right? And therefore, Rule 11's text was violated because the sanction didn't go to any court paper signed in violation of the rules. That's your argument. Yes, Judge Marcus, 100%. I would say that the district court's order did in fact focus almost exclusively on conduct and- Not the paper itself that was filed. Correct, Your Honor. In fact- Let me read, this is why I was just a little bit confused by the argument. When I looked at the district court order after she had noted many misrepresentations, what she characterized as misrepresentations, in an effort to collect on the default judgment, the district court wrote, and I quote, likewise continuing to argue plaintiff's entitlement to collect the final judgment amount from corporate entities not named or involved in the instant action by filing and defending the instant motions despite the utter lack of legal or factual support is precisely the type of conduct subject to Rule 11's duty of candor. What do you suppose the district court was referring to when the district court referenced filing and defending the instant motion? Isn't that zeroing in precisely on the paper? That's why I was just confused by the argument. Well, yes, Your Honor. Judge Marcus, the only issue is there might be a statement to that effect, but at no point does she analyze the argument that I would- The main premise of this motion to amend the judgment, which was that nonwithstanding the misnomer, I had perfected service on the correct entity, although it was misnamed in the complaint. She never addresses that. Specifically, she comes out and notes that the parties heatily debate the issue of service, and then later, as she says, even putting all those issues aside and ultimately issues the sanctions. So if the main premise of my motion is put to the side, then, of course, arguments that I make in support of that main premise are going to appear frivolous. So although there may have been a statement to that effect, I think the district court's order is more inundated with focus on conduct, as you mentioned, unrelated to the actual filing. Wouldn't it be more accurate to say that the district court discussed a number of things, some of which were prefatory to, in her view, the actual filing of the motion at issue, but some of it bore directly and immediately on the paper file? Would that not be an accurate way to characterize what the district court was saying? It may be right, it may be wrong, but isn't that what the court was trying to do or trying to say here? So I do agree to an extent. I do agree to extent. I think my issue would be that the focus on this conduct and other documents that weren't at issue, there's no way to parse that out. You can't be separated. Her analysis, there's no way of knowing whether I was sanctioned ultimately for conduct or for filing this motion to amend. So even if there were statements that could be interpreted as sanctioning me for the motion to amend the judgment, with all these comments about the conduct and other documents, it's all in the court. The reason, again, I raised going back to the district court order at 9 and 10, the district court writes here, Judge Blum writes, and I'm just quoting from the order. This is her characterization. Appallingly, the court has not identified a single piece of evidence in the combined 425 pages of briefing and exhibits submitted to the court on plaintiff's motion to amend the judgment that substantiates the use of Burlington Inc. as the proper entity to be named in this action, either as a fictitious name or as a company authorized to conduct business in Florida. I don't know how to read that and not come away with the sense that she was surely focusing, among other things, on the motion itself to amend the judgment. And yes, Judge Marcus, and I don't disagree that there are within the order statements addressing the motion to amend. That I do don't disagree with, but I think, again, that's the focus. Well, one, again, our main argument was the issue of service that I had service on the correct defendant. The name issue, the issues that you just read, were really ancillary to my main point about there being service. And so we're not addressing, to not address that aspect of the motion, the main premise being that I had served the correct defendant, notwithstanding the misnomer. I don't see how I can, that that is then, just the fact I make an ancillary argument about the corporation that, whether right or wrong. But you make an additional argument. You was, and I, perhaps in the brief time we have left, you could get it beyond, get to it beyond your claim that the sanctions order was not based on assigned pleading. You say, even assuming arguendo, that it was, the district court was wrong on the merits to impose sanctions. Could you tell us why? Yes, I think because, again, so there was a misnomer in the complaint. However, my position was that the correct registered agent for the correct defendant was served, that that misnomer, and again, I don't deny there was a misnomer, but that it was reasonably clear or could be ascertained who the intended defendant was. And CT Corporation Systems, as a entity that exists solely to act as registered agent for corporations, has a special expertise in this area and could have put together, could have put together who it was. But more importantly, they never appeared in this action to contest service. It's undeniable. They were served with process. But that's, I guess the question is, did the district court have to decide the issue of the validity of service or process, do you think? Yes, your honor, that's my position. Because if they were served with process, then I don't think that. If so, let me, let me take the two possibilities, one in your favor and one against you. So the district court says properly served, CT Systems should have known, could have known, has expertise, serve them, and they either never sent you the letter saying that they couldn't defect service or you never got the letter. You think there's no way sanctions can be imposed in that scenario? Oh, correct. Not what they don't come forward to contest service. Okay, other scenario. District court resolves the service of process issue and says, you receive the notice from CT Systems saying, we can't defect service, this is a non-existent entity. Now, are sanctions more likely? Oh, I, well, I concede that. If I had received this letter and knowingly proceeded, then, then I acted in bad faith and I, that I don't question. What I, what I dispute is that I ever received this letter, and in that scenario, I had a good faith basis to proceed on this argument that, that, that the correct entity was served. And if there was anything, it appeared to be the negligence of CT Corporation in passing that notice on to, to Berlin and Storthing. Okay. All right. Thank you very much. We, you've saved all of your time for rebuttal. Thank you. Is it Vinci or Vinci? It's, it's Vinci.  Whenever you're ready. Here's the court. Actually, my parents used to say Vinci until I got to college and my professor told me my name is Vinci, not Vinci. And so I've been using Vinci since college. Well, counsel, you can travel on any name you want in this courtroom and you can pronounce it any way you please. Thank you, Your Honor. You know, it's, I, you know, the argument in this case that somehow sanctions should not be imposed because the judge did not base on the pleading, I, I think is completely refuted by the one, the pleading itself, which specifically raises the issue and says that Burlington was sued in its fictitious name.  Let me ask you to address one question during the course of your argument. You can do it now or you can do it later. But same question I asked with your Golisano. Did the district court need to resolve the service of process issue? No. In this case? No. No, I don't believe it did. I mean, I think with the court. So if you, if you assume that the letter from CT systems either was not sent or not received, does that turn what Mr. Golisano did into negligence as opposed to bad faith? No, because the, the issue of service, the issue before the court with respect to the motion to amend was why the, why should this judgment, which was entered against Burlington Inc., which was a non-entity, which the U.S. district court in New Jersey already said, he could not use that judgment to try to levy on any accounts of BS Burlington Stores Inc., Burlington Co-Factory Warehouse Inc. He was limited to Burlington Inc. So right now he has a useless judgment sitting in the Southern District of Florida. So how does he fix that? Well, he decides what I'm going to do now is file a motion to amend this judgment, which I know I don't have against these other entities that get the court to change the judgment. So now I could see to enforce an uncollectible judgment against entities that were not named the original complaint. And that has nothing to do with service, a process. What it has to do with are the arguments that were raised in an attempt to effectuate that. And the two bases that he sought to argue was one, that Burlington Inc. was a fictitious name for Burlington Stores Inc. and Burlington Co-Factory Warehouse Corporation. And the court, after having reviewed, as Your Honor has pointed out, I think close to 500 pages of material that Mr. Jules Lozano himself submitted, that material did not establish that fact in any way. In fact, it clearly established that Burlington Inc. was not a fictitious name for any party. And more importantly, that Burlington, that in an attempt to try to take the position that service on or filing a complaint naming Burlington Inc. somehow would warrant an amendment of a judgment now to seek to collect it against the party that was not a party to the case and did not utilize that fictitious name, was objectively frivolous. Can I ask you a question? If it's not in the record, you can tell me that it's not in the record. Was there ever an entity, I mean in relatively recent past, called Burlington Inc.? No. No. Okay. Was there, just to follow up on that question, was there any evidence offered, were any facts pled to suggest that Burlington Stores Inc., the Burlington Co-Factory Warehouse Corporation, and Burlington Inc. were one in the same or alter egos or anything like that? No. And that was actually the second basis for which the court imposed sanctions. The motion to amend, in addition to making this argument about the fictitious name Burlington Inc., then went on to argue that Burlington Stores Inc., Burlington Co-Factory Warehouse Corporation, and Burlington Co-Factory of Florida LLC, and this non-existent entity, Burlington Inc., were all one in the same entity. And the judge said, there's just absolutely no evidence to support that. These are separate and distinct corporations, and you have submitted no evidence to indicate the fact that they are one in the same or should be considered as alter egos of one another. There was no factual evidence to support it, and more importantly, the court was highly critical of Mr. Joel Asano because he seemed to like the idea of just wrapping them all together in one lump sum and saying, well, they're all the same. Because they used the name Burlington, and there's a bunch of companies out there that are affiliated with Burlington Stores Inc., and Burlington Co-Factory Warehouse Inc., and as a result, let's just disregard corporate form and take the position that they're all one in the same. And the judge said, one, there's no facts to support that, and you knew there were no facts to support that. And two, there's no law that would support such a finding. And that was the other basis for the sanctions order by the court. I think it's important to point out that the judge in this case, it kind of bent over backwards. I mean, she initially enters the omnibus order granting sanctions, but Mr. Joel Asano then requested evidentiary hearing, and she allows that to happen. She gives him an opportunity to be heard, and carefully considers the testimony and evidence that he submits during the course of that hearing, and concludes that it made no difference with respect to her original filings. Now, there were no, this may not matter one way or the other, but the district court did not make any specific factual findings in its order denying reconsideration after the evidentiary hearing, right? That's correct. The court just said, I've listened to the testimony. It doesn't change what I concluded earlier on, et cetera, et cetera. But she doesn't say, for example, you know, Mr. Golisano testified as to X, I find that credible. He testified as to Y, I find that not credible. There are no findings about the testimony at that hearing, right? I do not believe she, essentially, I think what she concluded was that there was no evidence to support or any basis that her decision was based, you know, properly based, and he had not introduced any evidence to establish that somehow she misunderstood his argument, because that was his basis argument on the motion for reconsideration, that the court did not understand what he was trying to argue, and the court outright rejected that. One thing I also find interesting is that in the motion to amend, I mean, you heard Mr. Golisano stand up here and say that it was a misnomer, a typo, and that he meant to say Brodington Stores, Inc. But if you look at the motion to amend, and I would In the complaint, you mean? I'm sorry? In the complaint, you mean? No, no, in the, he made this argument today, and he also made this argument and testified to this effect at the evidentiary hearing, that the complaint was a misnomer, it was a typo, and that he continually, by accident, continued to use the same caption. And I find that the problem with that argument is that if you look at the motion to amend, the motion to amend does not argue that. The motion to amend says Brodington, Inc. is a fictitious name for Brodington Stores, Inc., and for Brodington Cofactory Workhouse Corporation. He then changes his position in the motion for reconsideration, claiming that it was no, it was a misnomer, and I would submit to this panel, it can't be both. Either, as initially he said in his petition, in his motion, it's a fictitious name, or it's a typo. I think what happened here is, after he realized the court would not accept that argument, and flatly rejected the argument on the issue with respect to a fictitious name, that now, oh no, no, it was a misnomer, it was a typo, I didn't mean that. And I would suggest that you can't have them both. It's either one or the other. The other argument counsel makes is somehow this court, you know, based its decision not upon the pleading, and the arguments raised in the motion to amend, and instead on this other conduct, which it considered a fraud on the court. I think it was appropriate for the court to talk about those things, because you can't look at the motion to amend without knowing the history of the case. And Mr. Giulisano himself, in his motion to amend, made allegations and made references to the writ of execution, to the judgment, and the court, of course, had to look at that and had to consider it, despite the fact that perhaps it was not, you know, the basis for the motion. You read the sanctions order being based on the filing consisting of the motion to amend the judgment. Correct. And I think the important, the court looked at that because it said to itself, we need to look at the facts surrounding the filing of this motion to amend, and what led up to it, and what knowledge he would have had as a result of that. And we know, for example, that he knew that he had no judgment against Burlington Stores Inc. or Burlington Co. Factory. We knew that he went ahead and added the name Burlington Co. Factory Direct Corporation to a writ of execution and a judgment lien that he filed in the state of Florida. So the court said, well, hold it. So you knew there was a company out there called Burlington Direct. You knew that at the time you filed the writ. So why couldn't you have known that even earlier? And then if you knew that, why did you seek to, why did you then go ahead and try to seek to execute on someone else's account? I think the court looked at this and said, what you need to do is, in evaluating his How could you come forth now and try to file this motion to amend based on these frivolous grounds when you knew, based upon everything that's come up to this point in time, that you did not have a judgment against Burlington Stores Inc.? In fact, you knew that you didn't have a judgment, but despite that, you went ahead and got bank accounts belonging to Burlington Stores Inc. and levy upon those accounts. Now you're coming to me and saying, now amend the judgment so I can go back and seek to levy on those accounts again, which was inappropriate in the first place. And I think the court, in considering the motion to amend, in considering the sanctions motion, correctly looked at the totality of the circumstances of what ultimately led up to this. Let me ask you a question of law. In order to sustain a Rule 11 sanction, does or did the district court need to find bad faith? Or could she otherwise sanction the lawyer where the document filed had no reasonable factual basis? Would that be an alternative ground? I think that's correct. I think it's whether or not there's no factual basis or whether or not there's no law to could go ahead and put forth in a pleading these facts because there was no support for them. And the same thing with the legal arguments that are put forward. In this instance, the whole idea that all these companies were one and the same, and you should treat them the same. And the court said, hold it, that's objectively frivolous. There's no basis for that. I think in one instance, I think Your Honor pointed out, she said, basic concepts on corporate forums seem to elude Mr. Joel Asano. Indeed, despite the fact that Burlington Stores Inc., Burlington Cofactory Warehouse, Burlington Direct are all separate legal entities. Mr. Joel Asano seemingly refers to all three companies under the umbrella of Burlington, along with the non-existent entity Burlington Inc., without any distinction. And I think the court was offended by the fact that knowing that these entities were not even parties to the underlying lawsuit, to go ahead in your pleading and put them all together and refer to them as Burlington in an attempt to get the court to not acknowledge or somehow to trick the court into not recognizing that they are, in fact, separate and distinct entities, is objectively frivolous. And there is no factual support or legal support for taking such a position. I think, Your Honor, I think I would rely upon my brief for the rest of the arguments. Look, I don't, filing a motion for Rule 11 sanctions, it's not something I do lightly, and it's not something I don't think anyone does lightly. But in this instance, when someone files a pleading and seeks to amend the judgment and try to collect it against a non-debtor, which he's already tried once through fraud, which the court concluded is inappropriate and warrants a sanction, as the court concluded in this instance. And I think the court did not abuse its discretion in this instance. I thought there was more than ample evidence to support its finding. I think it gave Mr. Julisano more than a fair opportunity to be heard and come forth with evidence to try to support or for her to reconsider her decision. Obviously, he failed to do that as well because there is no evidence to support or any way to indicate that she abused her discretion. All the evidence is clear that if you look at the motion to amend and his grounds that the court's decision that there was no basis for that factually or illegally to assert that, I think her decision should be affirmed. Thank you. Thank you. May I ask you a question at the outset, counsel? Can you tell me where you got the name Burlington, Inc., and why you put it in the pleading? Certainly, Your Honor. Pre-suit, before we filed the lawsuit, I had been in contact with the claims administrator for Burlington Stores, Inc., Gallagher Bassett. Burlington Stores, Inc. is the name I got from Gallagher Bassett. When I was drafting the complaint, it appears that the word stores was erroneously omitted from the initial complaint, so it became Burlington, Inc., dropping the word stores. The way I operate is I always use my complaint as a template, which I then, I repeat that case caption in every succeeding document since I wasn't aware of the misnomer. Before final judgment was entered by the district court, if you came to know that Burlington, Inc. didn't exist, not as a fictitious name, not as any name, it just didn't exist, why didn't you file an appropriate motion with the district court before final judgment was entered and say, Judge, I got the wrong name here. Burlington, Inc. doesn't exist. It's not a fictitious name. It's nothing. The right name is Burlington Stores, Inc., and I want to restyle the caption in the case. If you had done that, I don't doubt for a moment the district court would have done that. You don't do that. You wait until the end of the rainbow. You get a final judgment, and then you proceed to execute against parties never named, using a non-existent name as the hook to somehow bring these others in without so much as going back to the district court and saying, Judge, I want to change this. Why? I'm just, I'm having trouble understanding what went on here. Of course, Your Honor. The distinction, I would say, is that I did not learn about the misnomer, did not realize the misnomer until post-judgment. Because there was a return of service, there was nothing to alert me to an issue of service. I thought that there was just a default. Then when I was researching post-judgment how to collect, that is when I determined the misnomer. However, it was at that time that I formulated and from my research came up with this argument that a misnomer doesn't vitiate service where the correct defendant served unless the misnomer would mislead them. Because CT Corporation didn't appear, even though that's their past practice, is to appear and contest service in these situations, there was nothing to lead me to become aware of the misnomer until post-judgment. Then I thought I had this argument, and that argument was never ruled on until the order was entered. Let me ask you a slightly different question. I'm sorry, I didn't mean to cut you off there. But just, I was curious, you argued, among other things, that Burlington Stores, Inc., Burlington Coat Factory Warehouse Corporation, and Burlington Coat Factory of Florida, LLC, are the same entity. Did you present any facts or plead any facts that would go toward proving that they were alter egos? In fact, I did, Your Honor, and it's not that they're, I don't argue that they're all the same. What I argued was based on admissions on their website and statements they made and sworn statements made to the SCC in which they refer that BSI is a holding company that basically conducts no business of its own and could only, and depends on its survival for payments from its subsidiaries, the other entities we're discussing. Now, the distinction here in the case law says there's a difference between a lack of evidence and just presenting not enough evidence on something. So, the claim that these other entities are alter egos, it's not that I didn't present any evidence. I did present evidence that, in fact, I do understand if I didn't present enough evidence for the court to make a finding one way or the other. But that's not the same as just baldly making a statement and not citing anything to support it. See, I think part of the problem, at least looking at it at a broad perspective, is that you filed your motion to amend the final judgment after BSI moved to vacate the levies. And so, it just doesn't, if BSI tells you you didn't serve, we're not the same, et cetera, et cetera, then it feels odd to then go back on that sort of record and try to amend, as opposed to starting, what Judge Marcus suggested in a different procedural way, was starting all over again and saying, okay, well, maybe I got the wrong name through a typo or a misnomer, or I missed a store's appellation. So, let me just start all over again. Let me tell the district court that a mistake was made and let me serve Burlington Stores Incorporated or Burlington Factory Stores. I forget the exact names. And let me just start all over again. Let me get them served and then we'll go. And that seems odd. I understand, Your Honor, may I answer your question? Yes, please. In the District of New Jersey, the BSI, Burlington Stores Inc., they claimed in their, again, in the District of New Jersey, trying to quash that writ, that CT Corporation Systems did not provide them notice. That was the initial claim. And that's the claim I was going to, in front of Judge Bloom on, the reason I went back to her. Because if CT Corporation Systems did get served and just did not pass that along for whatever reason, unless we say the misnomer, which I argue the misnomer did not mislead them, if they just did not pass that notice along to Burlington Stores Inc., that is not enough to, that's a negligence on the registered agent, but doesn't vitiate service. In response to my motion to amend is when they allege now that this letter was mailed to me. So when I filed the motion, I was operating under the belief that their argument was that a registered agent did not provide them notice. All right. Thank you both very much. Thank you, Your Honor.